UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. PAYNE,         )<br>   Plaintiff,         )<br>                              )<br>vs.                           )<br>                              )<br>RICK ROBBINS,          )<br>   Defendant         ) | No. 20-3230 |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [4].

## I. BACKGROUND

Plaintiff initiated this lawsuit with a Motion for Injunctive Relief. [1]. However, Plaintiff had not filed a complaint, nor had he paid the filing fee or filed a motion to proceed *in forma pauperis* (IFP). Plaintiff's motion was denied, and he was allowed additional time to file an amended complaint and either pay the fee or file an IFP motion. *See* September 9, 2020 Case Management Order.

In addition, based on the statements in Plaintiff's motion, the Court explained what additional information was needed in order to articulate a claim. For instance, Plaintiff was directed to clarify whether he was a pretrial detainee or a convicted prisoner at the Montgomery County Jail.

> Plaintiff must also clearly identify his Defendants and how each
> was involved in his claims. For instance, if Plaintiff is alleging he
> was provided unconstitutional medical care, then he should identify

1

the specific medical condition, which Defendants he asked for medical care, approximately when and how he asked for medical care, and what response he received. September 9, 2020 Case Management Order, p. 3.

Plaintiff also asked for both damages and his release from incarceration. Plaintiff was advised if he was challenging the living conditions at the jail and asking for either damages or improvements, he could proceed with a complaint pursuant to 42 U.S.C.§1983.  However, if Plaintiff was seeking his release, he should instead file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

Plaintiff has now filed a motion to proceed IFP which was granted, and a motion for leave to file an amended complaint. [4, 5]; *see also* October 1, 2020 Text Order. Plaintiff's motion for leave to file an amended complaint is also granted pursuant to Federal Rule of Civil Procedure 15. [4].

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says he was a pretrial detainee at the time of his allegations, and he is requesting damages and injunctive relief.  Plaintiff has also identified four Defendants

including Sheriff Rick Robbins, Captain Kevin Knisley, Nurse Jane Doe #1 and Nurse Jane Doe #2. Plaintiff has divided his complaint into four separate claims.

Plaintiff's first claim alleges he was forced to sleep on the floor for 20 days from July 24, 2020 to August 13, 2020 due to overcrowding. Plaintiff says the cell conditions were unsanitary compounded by the fact that he slept next to the toilet and suffered multiple bug bites. Plaintiff believes the jail should have taken additional steps to insure proper health and safety during the COVID-19 pandemic. Plaintiff does not allege he suffered any other specific health problems besides bug and spider bites.

Plaintiff's second claim alleges the Montgomery County Jail staff did not follow required government guidelines for maintaining the safety of inmates during the COVID-19 pandemic. Plaintiff says staff members do not wear gloves or masks and masks are not available to the inmates. Cleaning supplies are only handed out every other day. In addition, new detainees are moved into the general population unit without any quarantine period.

The Court finds Plaintiff's claims one and two are overlapping claims alleging a violation of his Fourteenth Amendment claim based on living conditions. *See Pruitt v. Benzing,* 2020 WL 6889245, at *1 (S.D.Ill. Nov. 24, 2020). The Plaintiff alleges the Montgomery County Jail failed to take steps to mitigate the serious risk of COVID by requiring masks, social distancing, regular cleaning, and sanitary conditions. Therefore, the Court will consider the allegations as one claim.

Unfortunately, Plaintiff has ignored the Court's specific direction to identify which Defendants are responsible for his claims. Since Plaintiff has alleged widespread

3

overcrowding and a widespread failure to follow standard COVID procedures, the Court will allow Plaintiff to proceed with an individual and official capacity claim against Defendant Sheriff Robbins.

Plaintiff's third claim alleges staff members have either changed or denied various medications he has received in the past for mental and physical health conditions.  Plaintiff says he is not receiving the mental health medications he needs.  In addition, medical staff changed Plaintiff's prescription to address blood clots from Xarelto to Warfarin.

Plaintiff's claim that medical staff changed a medication to a similar medication does state a constitutional violation unless there was a specific impact on Plaintiff's condition. *See Perry v. Hobson*, 2020 WL 2992002, at *8 (S.D.Ind. June 4, 2020)(doctor choosing one similar medication over another does not demonstrate a constitutional violation, a physician "can change the prescription even if another physician prescribed him a different medication."). However, Plaintiff says he was denied prescriptions for Lithium and Trazadone which have made it more difficult for him to function normally and sleep at night.  Plaintiff might be able to articulate a constitutional violation, but he has not provided a sufficient factual basis.  Again, Plaintiff has failed to state who denied the medications.  In addition, did Plaintiff tell anyone about the problems he was having once the medication was denied?  Without more information, Plaintiff has failed to articulate a constitutional violation.

Plaintiff's final claim alleges a denial of medical care.  Plaintiff requested nurse sick call on six different occasions for different medical conditions including a rash, a

spider bite, breathing problems, and neck and shoulder pain. On August 6, 2020, the Plaintiff saw Nurse Jane #2 and Defendant Captain Knisley for his complaints of a rash and spider bites. Pictures were taken and he was given medication as well as hydrocortisone cream.

Nonetheless, Plaintiff's spider bite became infected causing his leg to swell and turn red. Plaintiff was then given an antibiotic, but Plaintiff says it did not help. When Plaintiff complained, Defendant Knisley told Plaintiff to allow the drug time to work.

Plaintiff says on an unspecified day, the "wound exploded." (Amd. Comp., p. 5). Plaintiff cleaned the area, but says he was never given any bandages. Plaintiff says he currently has another infected bite, but he has "no way to notify staff." (Amd. Comp., p. 5).

On August 7, 2020, Plaintiff submitted a sick call request for neck and shoulder pain as well as trouble breathing. Plaintiff saw an unidentified nurse two days later. The nurse ordered X-rays and an EKG. Plaintiff was later taken to an area hospital on August 24, 2020 where he received a CT scan and blood tests. The Emergency Room Doctor diagnosed Plaintiff with muscle spasms and prescribed Tylenol and Flexeril. Plaintiff says Nurse Jane Doe #1 did not approve either medication.

Plaintiff submitted a sick call request on September 7, 2020 for breathing problems and a loss of taste. Plaintiff asked the unidentified nurse why she had not ordered a COVID test. The nurse replied, "Because there is nothing wrong with you. You are just saying this trying to get out of jail." (Amd. Comp., p. 6). Plaintiff says he

suffers with headaches, chills, diarrhea, cough, chest pains, breathing problems, rash, a loss of taste, and fevers, but he still has not received a COVID test.

To articulate a Fourteenth Amendment claim based on medical care, Plaintiff must allege: (1) the medical condition was objectively serious; (2) "the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable…" *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019). The objectively unreasonable standard is "more than negligence but less than subjective intent, something akin to reckless disregard.'" *Miranda,* 900 F.3d at 343 *quoting Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). In addition, "[t]his standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018).

It is not clear Plaintiff's spider bite constitutes a serious medical condition. *See Jellis v. Hulick*, 422 Fed.Appx. 548, 550 (7th Cir. 2011). Furthermore, Plaintiff admits he was initially given medication and cream, and then an antibiotic when it became infected. While Plaintiff was not satisfied with the antibiotic, Plaintiff does not say how long he was taken the medication before the wound opened. Furthermore, it is not clear to the Court why Plaintiff believes the medical care provided was objectively unreasonable, nor that Plaintiff told anyone he needed bandages. Plaintiff also fails to explain why he can no longer request sick call.

6

Plaintiff further received medical care for his claims of neck and back pain as well as breathing problems. Plaintiff received testing at the facility and additional testing at an outside hospital. However, Plaintiff says Nurse Jane Doe #1 did not provide the medications prescribed by the ER doctor. Plaintiff does not indicate whether he continued to suffer with muscle spans after the visit to the hospital, and he does not claim he submitted any additional medical requests concerning neck and back pain.

More important, a claim against Nurse Jane Doe #1 for failure to provide medication for neck and back pain does not appear to be related to Plaintiff's claim alleging the Warden was responsible for unconstitutional living conditions in his unit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Finally, Plaintiff claims an unidentified nurse refused to order a COVID test despite Plaintiff's symptoms and apparently refused to provide any medical care. Again, Plaintiff has ignored the Court's instructions to identify the specific Defendant. Did Plaintiff meet with Nurse Jane Doe #1 or #2 or a different individual? Without more, Plaintiff has failed to articulate a constitutional violation.

Therefore, the Plaintiff may proceed with his Fourteenth Amendment claim against Defendant Sheriff Robbins based on his living conditions. All other claims and Defendants will be dismissed. If Plaintiff believes he can clarify any of the dismissed claims, he may file a proposed amended complaint within 21 days. The amended

7

complaint must stan complete on its own and must not refer to any previous complaint. In addition, Plaintiff must not ignore the Court's specific instructions. Any claims must include the time frame of the allegation and which Defendant was specifically involved. Any amended claim must also address the specific questions raised in this order.

Finally, Plaintiff refers to "emergency" injunctive relief for all pretrial detainees at the conclusion of his complaint. (Amd. Comp, p. 6). Plaintiff may seek injunctive relief at the conclusion of this lawsuit if he is successful. If Plaintiff is seeking emergency relief, he may file a Motion for Temporary Restraining Order or Motion for Preliminary Injunction. Plaintiff is reminded he must be able to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Montgomery County Sheriff Rick Robbins violated his Fourteenth Amendment rights based on his living conditions as articulated in this order. The claim is stated against the Defendant in his official and individual capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent

pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to Amend, [4]; 2)Dismiss Defendants Captain Kevin Knisley, Nurse Jane Doe #1 and Nurse Jane Doe #2;  3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 7th day of December, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

!